NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE PAULSBORO DERAILMENT CASES | Master Docket No. 13-784 (RBK/KMW) (Doc. No. 158) |
| CYNTHIA LORD, et al., Plaintiffs v. CONSOLIDATED RAIL CORPORATION, et al. Defendants. | Civil No. 12-7747 (RBK/KMW) (Doc. No. 20) **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation ("Defendants") to dismiss Counts IV and VI of the Amended Complaint of Cynthia Lord et al. ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

1

For the reasons stated herein, Defendants' motion to dismiss is **GRANTED** in part, **DENIED** in part.

I.  BACKGROUND

This case arises out of the November 30, 2012, derailment of a freight train and subsequent chemical spill in Paulsboro, New Jersey. This Court has issued several recent opinions describing the factual background underlying this case and a number of other cases currently pending before this Court. For a more detailed factual background, see the Court's Opinion of October 4, 2013 in Wilson v. Consol. Rail Corp., Civil No. 12-7586 (Docket No. 36).

Plaintiffs in this matter appear to be a number of adults and minors who allege that they suffered physical injuries as a result of exposure to vinyl chloride that spilled from one or more railroad cars. Am. Compl. at ¶¶ 94-96. Evidently, some plaintiffs also allege property damage as a result of Defendants' conduct. Id. at ¶ 113. The Plaintiffs brought suit under theories of negligence, medical monitoring, nuisance and trespass, seeking both compensatory and punitive damages. It is only the counts for medical monitoring and trespass that are the subject of the motion presently before the Court.

II.  LEGAL STANDARD

A. Choice of Law

Because the Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, it must apply state substantive law and federal procedural law. Chaimberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000). The choice-of-law rules of the forum state control in this case. Warriner v. Stanton, 475 F.3d 497, 499-500 (3d Cir. 2007). Under New Jersey choice-of-law principles, there is a presumption that the law of the place of injury governs, unless another state has a more significant relationship to the parties and the issues. P.V. ex rel. T.V. v. Camp

Jaycee, 197 N.J. 132, 142-43 (2008). Here, the parties point to no state other than New Jersey whose law would potentially apply to this matter; accordingly, we assume, as the parties have, that New Jersey bears the most significant relationship to the issues now before the Court.

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 131 (quoting Iqbal, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

## III. DISCUSSION

### A. Medical Monitoring Claims

Defendants first argue that Plaintiffs' claims for medical monitoring should be dismissed on the grounds that Plaintiffs have not sufficiently pleaded the elements of this claim.

As this Court observed in its Opinion of October 4, 2013 in Kidd v. Consol Rail Corp., Civil No. 13-208, New Jersey recognizes medical monitoring as a cause of action, although in many other jurisdictions it is simply a remedy. Guinan v. A.I. duPont Hosp. for Children, 597 F. Supp. 2d 517, 527 (E.D. Pa. 2009) (citing In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 787 (3d Cir. 1994)). To set forth a claim for medical monitoring, a plaintiff must "demonstrate, through reliable expert testimony, predicated upon the significance and extent of exposure to chemicals, the toxicity of the chemicals, the seriousness of the diseases for which individuals are at risk, the relative increase in the chance of onset of disease . . . and the value of early diagnosis." Theer v. Philip Carey Co., 133 N.J. 610, 626 (1993) (quoting Ayers v. Jackson Twp., 106 N.J. 557, 606 (1987). In addition, a plaintiff must be "directly exposed to hazardous substances." Id. at 627.

Defendants cite several cases where federal courts dismissed claims for medical monitoring after applying the law of jurisdictions other than New Jersey. See, e.g., Bourgeois v. Exxon Mobil Corp., 2012 WL 548294 (E.D. La. Feb. 16, 2012); Frye v. L'Oreal USA, Inc., 583 F. Supp. 2d 954 (N.D. Ill. 2008); Baker v. Westinghouse Elec. Corp., 70 F.3d 951 (7th Cir. 1995). Significantly, the other jurisdictions set forth different elements than New Jersey does to state a medical monitoring claim. For example, the plaintiff in Bourgeois sought medical monitoring because he allegedly was at higher risk of cancer as a result of cleaning oil pipes in the course of his employment over a period of two years. Bourgeois, 2012 WL 548294 at *1. One reason his claim failed was because Louisiana law required that "the monitoring procedure

4

has been prescribed by a qualified physician," and the plaintiff there did not indicate which physician, if any, prescribed medical monitoring. Id. at *2. The name of the physician is not, to this Court's knowledge, an element of a medical monitoring claim under New Jersey law, and thus the Bourgeois case is not controlling here. The plaintiff in Frye allegedly suffered harm from using the defendant's lipstick over a period of time. Frye, 583 F. Supp. 2d at 956. The Court dismissed the claim because the plaintiff did not adequately plead exposure. Id. at 958-59. The plaintiff had not sufficiently alleged exposure to the dangerous product, having failed to show that she regularly used the lipstick or was exposed to it in a dangerous quantity. Id. at 959. In fact, the Frye court cited a case where same court had previously held that if not for a statute of limitations defense, it would have refused to dismiss a medical monitoring claim where the plaintiffs pled little more than exposure to excessively high levels of radioactive thorium. See id.; Carey v. Kerr-McGee Chemical Corp., 999 F. Supp. 1109, 1119-20 (N.D. Ill. 1998). Baker also was based on inadequate pleading of exposure to the allegedly dangerous substance. 70 F.3d at 953. Thus, the Frye and Baker cases are also distinguishable, in that Plaintiffs in this matter have adequately pled the exposure element. Plaintiffs cite the amount of exposure to vinyl chloride that is hazardous according to a government agency. Am. Compl. at ¶ 81. They plead contact with the vinyl chloride by Plaintiffs in quantities greater than that threshold, including allegations that Plaintiffs ingested and inhaled the chemicals, and came into contact with a thick fog of vinyl chloride. Am. Compl. at ¶¶ 78, 83-86.

The additional elements of medical monitoring are also adequately pled by Plaintiffs. Plaintiffs allege the toxicity of the chemicals. Id. at ¶ 81, 108. They further allege that they have an increased risk of developing "angiosarcoma of the liver, liver cancer, brain cancer, Raynaud's syndrome, and aero-osteolysis" as a result of exposure to the vinyl chloride. Id. at ¶ 109. They

5

indicate that the symptoms of the exposure "do not always manifest themselves immediately." Id. at 108. The Amended Complaint further indicates that a medical monitoring program, including "testing and screening for latent medical conditions," would be beneficial and necessary. Id. at ¶ 109-10.

Defendants seek to distinguish the complaint in this matter from that discussed by this Court in its Opinion of October 4, 2013 in Kidd v. Consol Rail Corp., Civil No. 13-208. They evidently seek to distinguish this Amended Complaint on the basis of allegations in the Kidd complaint of physical symptoms that have already manifested themselves in the case of those plaintiffs. See Def. Reply at 4. However, existing symptoms or a medical diagnosis is not an element of a medical monitoring claim in New Jersey. See Theer, 133 N.J. at 626. The entire purpose of the medical monitoring cause of action is "to address the unique harm entailed in an increased risk of future injury arising from the exposure to toxic chemicals." Id. at 627. (emphasis added). A Plaintiff is "not required to have a demonstrative prior injury from exposure to a toxic substance before recovering the costs of future medical surveillance. Id. at 625 (citing Ayers v. Jackson Twp., 106 N.J. 557, 605 (1987)).

The Court finds that Plaintiffs have adequately pled the elements of a medical monitoring claim. Clearly, in order to prevail on their claim, Plaintiffs will need to produce expert testimony on the significance of the exposure to vinyl chloride, the nature of the alleged increased risk of diseases, and the value of a monitoring program. However, Plaintiffs cannot be required to produce such evidence at the time of the filing of the complaint. The pleadings as to medical monitoring are sufficient to survive at this stage of the litigation.

**B. Trespass**

Defendants moved to dismiss Count VI of Plaintiff's Amended Complaint, arguing that Plaintiffs did not state a prima facie claim in trespass. Plaintiffs subsequently withdrew their claim alleging trespass. Pl. Opp'n at 3. Therefore, Count VI of Plaintiffs' complaint will be dismissed.

**IV. CONCLUSION**

For the reasons set forth above, Defendants' motion is **GRANTED** as to the count for trespass, and **DENIED** as to the count for medical monitoring. An appropriate order will issue.


Dated: 11/04/2013  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge