NOT FOR PUBLICATION (Doc. No. 185)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IN RE: PAULSBORO DERAILMENT CASES | Master Docket No. 13–0784 |
| | Civil No. 12–7747 (RBK/KMW) |
| Cynthia LORD, et al., | |
| Plaintiffs, | **OPINION** |
| v. | |
| CONSOLIDATED RAIL CORPORATION, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of Defendants Consolidated Rail Corporation ("Conrail"), Norfolk Southern Railway Company ("Norfolk Southern") and CSX Transportation, Inc. ("CSX") for leave to file a motion for partial summary judgment (Doc. No. 185) against Plaintiff Zena Custis. For the following reasons, Defendants' Motion is **DENIED**.

## I.  BACKGROUND

The basic facts of this case have been set forth in numerous Opinions issued by the Court over the past nearly three years of litigation. The Court established May 22, 2015 as the deadline for filing dispositive motions (Doc. No. 132). On May 21, 2015, Defendants filed a motion to exclude the testimony of Plaintiff's medical causation expert, which the Court granted after a *Daubert* hearing on August 6, 2015 (Doc. Nos. 182 and 183). Norfolk Southern and CSX filed separate motions for summary judgment on May 21, 2015 (Doc. Nos. 136 and 137), which the

Court granted on August 18, 2015 (Doc. No. 189). On August 14, 2015, Defendants[1] filed this motion seeking leave to file a partial motion for summary judgment.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 16 governs pretrial management and scheduling orders. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The burden is on the moving party to "demonstrate good cause and due diligence." *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). Furthermore, "the 'good cause' standard is not a low threshold." *J.G. v. C.M.*, Civ. No. 11–2887, 2014 WL 1652793, at *1 (D.N.J. Apr. 23, 2014). "[S]cheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986).

The existence of "good cause" depends "primarily on the diligence, or lack thereof, of the moving party." *Siebel v. Work At Home Vintage Employees, LLC*, Civ. No. 12–1199, 2013 WL 6094558, at *3 (Nov. 18, 2013). "In assessing diligence, courts ask whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion . . . before the deadline expired." *Abdallah v. JetBlue Airways Corp.*, Civ. No. 14–1050, 2015 WL 3618326, at *3 (D.N.J. June 9, 2015). A court may find "good cause" to amend the scheduling order where "the movant learns of the facts supporting [the motion] after expiration of the relevant filing deadline[.]" *United States v. Cohan*, Civ. No. 3:11–0412, 2012 WL 4758142, at * 1 (D. Conn. Oct. 5, 2012).

---

[1] As Norfolk Southern and CSX are no longer parties to this case, the motion is **DENIED AS MOOT** as to Norfolk Southern and CSX.

**III.   DISCUSSION**

Conrail seeks leave to file a motion for partial summary judgment "in light of this Court's [August 6, 2015 *Daubert* Order] excluding all of Plaintiff's expert opinions as to medical causation[.]" Def.'s Br. at 1. Conrail states that because the *Daubert* Order "did not occur until August 6, 2015, [Conrail is] not at all dilatory in pursuing summary judgment." *Id.* at 3. However, Conrail fails to meet its burden of demonstrating good cause to modify the Court's scheduling order.

Conrail filed its motion to exclude Plaintiff's expert on May 21, 2015. That the Court subsequently granted that motion was entirely foreseeable and does not provide good cause to modify the scheduling order. Conrail had the necessary knowledge, before the May 22, 2015 deadline, to file a motion for partial summary judgment arguing that Plaintiff failed to produce evidence supporting causation. As Conrail fails to demonstrate good cause pursuant to Rule 16(b)(4), its motion for leave to file a motion for partial summary judgment is **DENIED**.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motion is **DENIED**.

Dated:   10/19/2015                                                            s/ Robert B. Kugler

                                                                                                   ROBERT B. KUGLER
                                                                                                   United States District Judge

3